FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2018 MAY 11 PM 3:30

**BRUCE WRIGHT,** individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

**LA ROSA REALTY, LLC,** a Florida limited liability company,

*Defendant.*

Case No. 6:18-CV-734-ORL-31-KRS

MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Bruce Wright ("Plaintiff" or "Wright") brings this Class Action Complaint and Demand for Jury Trial against Defendant La Rosa Realty, LLC ("Defendant" or "La Rosa") to stop La Rosa from directing its agents to violate the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers *without their consent*, including calls to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by La Rosa's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. La Rosa is a real estate brokerage established in 2004 and headquartered in Celebration, Florida, with nearly 1,300 agents across 16 branch offices throughout Florida, as well as in California, Georgia, New York, and South Carolina.

2. La Rosa differentiates itself from other real estate franchises through its through its training and coaching programs, through which La Rosa directs the activities of its agents,

including their marketing efforts. In fact, La Rosa claims that it "was founded on the principle of helping Real Estate Professionals grow their business, by providing agents with cutting edge tools and technology necessary to stand out from the crowd."[1]

3. Relevant here, a key component of La Rosa's marketing plan for agents has been for agents to obtain lists of potential leads for real estate listings that are generated from a variety of sources with corresponding telephone numbers, including cellular telephone numbers and other numbers registered on the National Do Not Call Registry, and for agents to cold call those leads *en masse*, without the recipients' consent, using a web-hosted autodialer.

4. In Plaintiff's case, on January 1, 2018 and January 2, 2018, La Rosa's marketing plan involving lists of leads cold called using an autodialer resulted in no fewer than 7 unsolicited, autodialed calls by or on behalf of La Rosa to Plaintiff's two cellular telephone numbers registered on the National Do Not Call Registry ("DNC").

5. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease directing its agents to violate the Telephone Consumer Protection Act by placing unsolicited calls to consumers' cellular telephone numbers using an automatic telephone dialing system and otherwise calling telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

**PARTIES**

6. Plaintiff Bruce Wright is a Point Roberts, Washington resident.

7. Defendant La Rosa is a Florida limited liability company headquartered in Celebration, Florida, which conducts business throughout this District, the State of Florida, and throughout the United States.

---

[1] From the La Rosa LinkedIn website, available at: https://www.linkedin.com/company/la-rosa-realty (last accessed May 2, 2018).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute for which there is federal question jurisdiction.

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this District, and because the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## COMMON ALLEGATIONS

### La Rosa Directs Agents to Market La Rosa's Realty Services By Obtaining Lists of Leads and Autodialing Them Without Consent

10. La Rosa's marketing plan direct agents to use certain prescribed practices to market La Rosa's realty services, including unsolicited, autodialed calls to cellular telephone numbers and telephone numbers registered on the DNC. La Rosa impresses its marketing plan on its network of agents through its coaching and training programs, and through the technology and tools it provides.

11. Agents who work for Defendant La Rosa pay a monthly fee to access La Rosa's coaching, training, and resources, including a Kunversion account.[4] Kunversion is a software package that, most notably, includes an automatic telephonic dialing system ("ATDS" or "autodialer") for real estate agents, which, among other things, allows agents to create lists of leads and/or produce them to be called using a random or sequential number generator.[7] And use

---

[4] https://joinlarosa.com/
[7] https://support.insiderealestate.com/portal/kb/articles/video-kunversion-mobile-app-dialer; https://support.insiderealestate.com/portal/kb/articles/what-do-i-have-to-do

of the Kunversion dialer is so central to La Rosa's operations, that all La Rosa agents access their Kunversion autodialers through the agent portal on the national La Rosa website.[8]

12. Agents also receive from La Rosa lists of leads to cold call using the Kunversion autodialer:[9]

La Rosa Realty

Real Estate Agents

Orlando / Central Florida / 4 Office Locations , Florida, United States

Real Estate Agents Needed

- 100% COMMISSION to You!
- PAID AT CLOSING Available!
- We have LEADS for those who work them
- FREE Training, live or through webinars
- We can help jump start your career with Training
- We can help you take your career to another level
- FREE WEBSITES, you edit and collect the 100% Leads
- Transaction Desk with a Contract Coordinator who reviews contracts
- Managing Brokers who are accessible and knowledgeable
- AND THE LIST GOES ON AND ON AND ON ........

THE NEXT GENERATION OF REAL ESTATE

La Rosa Realty

Career@LaRosaRealty.com

1-800-515-7513

Apply for this opening   Apply with Linkedin   Apply with Indeed

‹ Other openings at La Rosa Realty

---

[8] http://www.larosarealty.com/l/lrr.php
[9] La Rosa Realty, https://larosarealty.recruiterbox.com/jobs/fk0qry.

13. Defendant La Rosa provides the lists of leads and the Kunversion account, which includes the autodialer, to all agents because La Rosa directs all of its agents to use this autodialer, including by providing online tutorials:[10]

## KUNVERSION

Navigating Kunversion

Lead Overview Page in Kunversion

Creating Notes & Reminders

Kunversion Mobile App Tour

14. La Rosa's coaching and training programs and technology services are an integral part of the La Rosa system, and are the means by which La Rosa controls the manner in which agents market for new listings – i.e., by cold calling lists of leads without consent, oftentimes notwithstanding their being registered on the DNC.

**PLAINTIFF'S ALLEGATIONS**

[10] Video Library, La Rosa Careers, http://joinlarosa.com/video-library/ (last accessed May 2, 2018).

**At La Rosa's Direction, La Rosa's Agents Repeatedly Called Plaintiff's Cell Phone Numbers Without Plaintiff's Consent, Despite Their Being Listed on the DNC**

15. Plaintiff Wright is the subscriber of two cellular telephone numbers that have been registered on the DNC since January 22, 2016 to prevent unsolicited marketing calls.

16. In 2017, Plaintiff, through a Re/Max real estate agency, listed for sale an apartment he owns in Orlando, Florida. The official multiple listing service listing for the property provided the Re/Max agent's telephone number as a contact number, and did not list any of Plaintiff's telephone numbers. In late 2017, at Plaintiff's request, Re/Max removed Plaintiff's listing from the market.

17. As soon as the listing was removed, Plaintiff began receiving unsolicited autodialed calls on his two cellular telephone numbers from La Rosa agents.

18. On January 1, 2018 and January 2, 2018, Plaintiff received at least 7 calls to his two cellular telephone numbers from La Rosa:

**First Cell Phone Number**

- January 1, 2018 using phone number 407-490-4435
- January 1, 2018 using phone number 321-430-1505 at 1:41 PM
- January 1, 2018 using phone number 407-603-9555 at 2:33 PM
- January 2, 2018 using phone number 407-970-5988 at 10:15 AM
- January 2, 2018 using phone number 407-603-9555 at 2:40 PM

**Second Cell Phone Number**

- January 1, 2018 using phone number 407-490-4435 at 5:10 AM
- January 2, 2018 using phone number 470-970-5988 at 9:30 AM

19. The calls to Plaintiff were solicitations by La Rosa's agents. They were marketing their real estate services in an effort to obtain the listing for Plaintiff's Orlando property. Plaintiff recalls that the calls began with a noticeable pause, indicating that an autodialer was used, including the voicemail Plaintiff received on January 1, 2018 at 5:10 am asking him to call the La Rosa agent back.

20. Plaintiff Wright has never provided his telephone number directly to La Rosa, or otherwise consented to any La Rosa agent placing solicitation telephone calls to his cellular telephone numbers.

21. The unauthorized telephone calls made by La Rosa's agents at La Rosa's direction, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Wright's use and enjoyment of his phones, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phones.

22. Seeking redress for these injuries, Wright, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed voice calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by La Rosa Agents at La Rosa's Direction

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff Wright, or (b) they did not obtain prior express written consent.

> **Do Not Call Registry Class**: All persons in the United States who (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call

Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff Wright, or (b) they did not obtain prior express written consent.

24. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

25. On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant's conduct constitutes a violation of the TCPA;

    (b) whether Defendant utilized an automatic telephone dialing system to make their calls to Plaintiff and the members of the Classes;

    (c) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry and whether calls were made to such persons after they requested to no longer be called;

    (d) whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

30. Defendant and/or its agents transmitted unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. These solicitation telephone calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

32. At no time did Defendant obtain prior express written consent from the Plaintiff orally or in writing to receive solicitation telephone calls. Also, at no time did Defendant obtain prior express written consent that contained a disclosure informing Plaintiff or any other consumer that agreeing to receive solicitation telephone calls was not a condition of the purchase of any property or service.

33. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

34. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Wright and the Do Not Call Registry Class)**

35. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

36. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

37. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

38. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[16]

39. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

---

[16] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

40. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

41. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have an accurate written policy of dealing with do not call requests, by failing to accurately inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

42. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

43. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes and appointing his attorneys as Class Counsel;

b) An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA.

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

h) An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims.

Respectfully Submitted,

**BRUCE WRIGHT**, individually and on behalf of Classes of similarly situated individuals

Dated: May 7, 2018

Avi R. Kaufman (84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Trial Counsel*

Stefan Coleman (30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Classes*